IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LORENZO A. FOREHAND, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 4:06-CV-38 (CDL) |
| | * | 42 U.S.C. § 1983 |
| HORACE SNIDER, Sheriff of Marion | * | |
| County, and DONALD DAVIS, | * | |
| GBI Agent | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Defendant Donald Davis' Motion to Dismiss for failure to state a claim upon which relief may be granted (R- 10), as well as Defendant Horace Snider's Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) (R-13) . The Plaintiff was notified of his right to respond to the Motions, and did so on May 18, 2006.

**Plaintiff's Claims**

The Plaintiff's complaint requests monetary damages for the Defendants' violation of his First Amendment right to petition the court for a redress of his grievances, Fourth Amendment right to be secure in his person, Fifth Amendment right not to incriminate himself, Eighth Amendment right to be free of cruel and unusual punishment, Thirteenth Amendment right to be free from slavery and his Fourteenth Amendment right to equal

protection of the laws. (R- 1).[1]  Specifically, Plaintiff claims that on December 29, 2000, he was sentenced to four years of incarceration on a probation revocation in the Marion County Superior Court. *Id.*   Plaintiff contends that on January 1, 2001, he was released from the Marion County Jail by a dispatcher, only to be later charged with escape. *Id.*  He states that he was apprehended by a Georgia Bureau of Investigation agent on January 22, 2001, and sent back to Marion County where the Defendants repeatedly questioned him about the murder of Mr. Lawrence Wright, even though he claims they knew he was incarcerated when Mr. Wright was killed. *Id.*  Plaintiff contends he was forced to take a polygraph test or "get a belt around his neck." *Id.*  He states that he failed to polygraph test due to his fear of death at the hands of the Defendants. *Id.*   Plaintiff then states that he was told to return to "the streets" by Defendant Snider and Defendant GBI Agent Davis to provide them tape recorded information on two suspects they were pursuing in the Wright killing. *Id.*  On March 21, 2001, Plaintiff contends that he received an order from the Defendants to meet them to return the recording device. *Id.*

   Plaintiff then states that on July 20, 2001, in front of his wife and children, he was apprehended in his home by the Defendants and brought back to the Marion County Jail. *Id.* He asserts that prior to reaching the jail, the Defendants pulled off the road and threatened his life if he told anyone about what happened. *Id.*  Once back in jail, Plaintiff maintains that

---

[1] Plaintiff filed suit in this court on October 26, 2001, regarding the same facts, in Civil Action Number 4:01-cv-142-1.  That case was dismissed, without prejudice, for the Plaintiff's failure to pay the filing fee.

he requested a grievance form and was denied the same by Defendant Snider. *Id.* Due to the actions of the Defendants, therefore, Plaintiff claims that he is required to take serzone for paranoid schizophrenia and that he still suffers from mental anguish caused by the events at issue. Plaintiff's Response to Defendants' Motion To Dismiss (R-17), together with his Exhibits (R-19) and his Affidavit (R-20) have been fully considered.

## Statute of Limitations

A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia district court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33).

Plaintiff alleges that the acts in question occurred on or before July 20, 2001. Thus, the two year period for the statute of limitations began to run on July 21, 2001, and ended on July 20, 2003. Plaintiff filed his complaint on March 30, 2006, almost three years after the statute of limitations expired. Therefore, Plaintiff's complaint is barred by the applicable statute of limitations. The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*,

197 F.3d 1098, 1104 (11th Cir. 1999). Plaintiff's Motion To Appoint Counsel (R-18) filed on May 18, 2006, has been fully considered and should be denied as unwarranted and moot.

**IT IS RECOMMENDED,** for the foregoing reasons, that the Defendants' Motions to Dismiss this action be **GRANTED** as the suit is barred by the statute of limitations, and therefore, fails to state a claim for which relief may be granted. Plaintiff's Motion For Appointment of Counsel (R- Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 25th day of May, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe